IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-1032-TUC-CKJ (CRP) |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MOSES ANTONIO SHEPARD, ) | |
| Defendant. ) | |

On October 4, 2011, Magistrate Judge Charles R. Pyle issued a Report and Recommendation ("R and R") [Doc. 526] on Defendant Moses Antonio Shepard's Motion to Sever Harass and S.E.D. in Count One, Then Strike Harass as Violative of 2261A's Intent & English Grammar Rules [Doc. 502] and Motion to Dismiss – Failure Citing "B" [Doc. 503]. Defendant's motions urge that the Indictment [Doc. 22] improperly construes 18 U.S.C. § 2261A and fails to recite which subsection of the statute it relies upon. Magistrate Judge Pyle recommended that Defendant's Motion to Sever Harass and S.E.D. in Count One, Then Strike Harass as Violative of 2261A's Intent & English Grammar Rules [Doc. 502] and Motion to Dismiss – Failure Citing "B" [Doc. 503] be denied. On October 25, 2011, Defendant filed his Objection to Report & Recommendation Doc 526 Re: Challenges to Indictment [Doc. 583]. On November 7, 2011, the Government filed its Response to Defendant's Objection to Report & Recommendation Doc 526 Re: Challenges to Indictment [Doc. 611]. Upon independent review and for the reasons delineated herein, the Report and Recommendation is adopted.

## I. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation ("R & R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. ANALYSIS

Defendant objects to Magistrage Judge Pyle's recitation of the charges in the indictment, the manner in which the subsections of the statute, 18 U.S.C. § 2261A, were aligned, and the Magistrate Judge's interpretation of that statute. Defendant's contentions are without merit.

Defendant is charged in Count One of the Indictment [Doc. 22] as follows:

> From on or about August 6, 2009, through April 13, 2010, at or near Tucson, in the District of Arizona, MOSES ANTONIO SHEPARD, with the intent to harass and cause substantial emotion distress to [the victim], a person in another State, did use the mail, any interactive computer service, and any facility of interstate or foreign commerce to engage in a course of conduct that caused substantial emotional distress to [the victim]; to wit, MOSES ANTONIO SHEPARD repeatedly contacted [the victim] by means of electronic mail; in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(5) and (b)(6).

Section 2261A, 18 U.S.C., charged in the Indictment [Doc. 22] states:

> Whoever –
>
> **(1)** travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person; or
>
> **(2)** with the intent –

> **(A)** to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or
>
> **(B)** to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to –
>
>> **(i)** that person;
>>
>> **(ii)** a member of the immediate family (as defined in section 115 [FN2] of that person; or
>>
>> **(iii)** a spouse or intimate partner of that person;
>
> uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B) [FN3];
>
> shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A.

Defendant's interpretation of the statute is incorrect. Footnote 3, to 18 U.S.C. § 2261A, provides that the penultimate paragraph which begins "uses the mail . . ." "should be set flush with par. (2)." 18 U.S.C. § 2261 n.3. As such, Defendant's protestation that this paragraph only applies to paragraph (B) is devoid of merit. Magistrate Judge Pyle's interpretation of the plain language of the statue is correct.

In light of the plain language of the statute, Defendant's contention that the Indictment [Doc. 22] does not charge him with a crime is in error. The Indictment [Doc. 22] contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). It properly alleges the intent required, the requisite act by Defendant, the harm to the victim, and federal jurisdiction. The Indictment [Doc. 22] is wholly sufficient.

. . .

. . .

- 3 -

Accordingly, after an independent review of the pleadings IT IS HEREBY ORDERED that:

1. The Report and Recommendation [Doc. 526] is ADOPTED;

2. Defendant Moses Antonio Shepard's Motion to Sever Harass and S.E.D. in Count One, Then Strike Harass as Violative of 2261A's Intent & English Grammar Rules [Doc. 502] is DENIED; and

3. Defendant's Motion to Dismiss – Failure Citing "B" [Doc. 503] is DENIED.

DATED this 17th day of November, 2011.

Cindy K. Jorgenson
United States District Judge