IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-1032-TUC-CKJ (CRP) |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MOSES SHEPARD, ) | |
| Defendant. ) | |

Currently pending before the Court are the following Objections and motions filed by Defendant Moses Shepard: Objection to MJ CRP Order Denying Motion to Preclude Events Outside the Indictment [Doc. 566]; Motion to Cancel Pre-Trial Status Conference Ordered by D.J. Jorgenson [Doc. 574]; Motion to DJ CKJ to Treat Consolidated Appeal as Timely Objection (Doc. 248) [Doc. 576]; Objection to MJ CRP Order Denying Motion to Order CCA to Provide Timely Court Access [Doc. 577]; Objection to MJ CRP Order Requiring Disclosure of Ex Parte Under Seal Items [Doc. 584]; Objection to MJ CRP Order Granting Only 30 Hours More PC-Access Time at Court [Doc. 587]; Motion to Reconsider DJ CKJ Order Denying Adequate Trial Preparation [Doc. 591]; Objection to MJ CRP Order Showing Intent to Withdraw Pro-Se [sic] Rights [Doc. 593]; Objection to MJ CRP's Denial of 309 Court Days of Computer Use [Doc. 595]; Consolidated Objection to MJ CRP's Order Doc 521 for Review by DJ CKJ [Doc. 598]; and Objection to MJ CRP's Order Doc 561 Denying Hearing-Challenging False Statements of CCA & MJ CRP Denying PC Access Etc. [Doc. 600]. Also before the Court is Magistrate Judge Pyle's Report and Recommendation [Doc.

558] filed on October 18, 2011.

**I.     STANDARD OF REVIEW**

Nondispositive pretrial orders issued by a magistrate judge may be considered by a district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court reviews de novo the objected-to portions of the Report and Recommendation ("R & R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

**II.    ANALYSIS**

*A. Report and Recommendation*

On October 18, 2011, Magistrate Judge Charles R. Pyle issued a Report and Recommendation [Doc. 558] in which he denied Defendant's Motion to Strike Surplusage Re: Contact Intent in Ct. Two, and "or" vs. "and," and "E-mail" in Ct. One; District vs. State, etc. [Doc. 528], finding that "[t]he Indictment contains the elements of the two charged offenses and fairly informs Defendant of the charges against which he must defend . . . [and] enables Defendant to plead an acquittal or conviction in bar of future prosecutions for the same offenses." R & R [Doc. 558] at 1-2 (internal citations omitted). No objections have been filed within the time provided by 28 U.S.C. § 636(b)(1). Further, pursuant to Rule 59, Federal Rules of Criminal Procedure, failure to file an objection waives a party's right to review. As such, after an independent review, the Report and Recommendation [Doc. 558] is adopted, and Defendant's motion denied.

*B. Status Conference*

Defendant requests the Court to cancel the pre-trial status conference "if her purpose

- 2 -

therein is to learn if [Defendant] is <u>ready</u> for trial, as the answer will be he is <u>not</u> unless" certain changes occur. Def.'s Mot. to Cancel Pre-Trial Status Conf. Ordered by D.J. Jorgenson [Doc. 574] at 1. Among the changes demanded by Defendant are being "released from prison so he may access a PC at home[,] . . . given access to a PC at CCA[,] . . . is "not forced to endure further torture-by-transport merely to access a PC, . . . ordering [Federal Public Defender] lawyers to bring a PC to CCA each day they are here . . . PDs interface with MS com[ing] more often." *Id.* All of these issues have been repeatedly addressed by this Court, and it is not inclined to reconsider any of those decisions. *See, e.g.,* Order 10/3/2011 [Doc. 525]; Order 9/30/2011 [Doc. 521]; Order 9/23/2011 [Doc. 518]. Defendant has approximately sixty (60) days to prepare for trial, the Court finds this sufficient time for Defendant to prepare. The Court further notes that the January 17, 2012 trial date was set on August 24, 2011. Order 8/24/2011 [Doc. 469]. Since that time, Defendant has filed approximately one hundred and nine (109) objections, notices and motions, many of which are duplicative, frivolous or unwarranted. Defendant's Motion to Cancel Pre-Trial Status Conference Ordered by D.J. Jorgenson [Doc. 574] is denied.

*C. Consolidated Appeal*

Defendant seeks this Court's consideration of a previously filed Consolidated Appeal – Reply to Court's March 9, 2011 Orders [Doc. 248], as well as objections to Magistrate Judge Pyle's May 5, 2011 Order [Doc. 288]. A careful review of the docket indicates that these objections were previously overlooked by the Court. As such, Defendant's Motion to DJ CKJ to Treat Consolidated Appeal as Timely Objection (Doc. 248) [Doc. 576] will be granted.

1. Objections to March 9, 2011 Orders

Nondispositive pretrial orders issued by a magistrate judge may be considered by a district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### a. Pre-Trial Interviews

Defendant seeks to question the victim and other individuals in this case. "[A] witness may not be compelled to grant a pretrial interview to counsel." *United States v. Linton*, 502 F.Supp. 871, 875 (9th Cir. 1980). Magistrate Judge Pyle's Order was not clearly erroneous or contrary to law.

### b. Compelling Specific Discovery

Magistrate Judge Pyle GRANTED Defendant's Motion to Compel Specific Discovery to Guarantee Release from Custody [Doc. 199], and Defendant still objected. Defendant's objection is devoid of merit, and Magistrate Judge Pyle's March 10, 2011 Order [Doc. 219] was not clearly erroneous or contrary to law.

### c. Production of Hard Evidence

Defendant seeks the production of complete phone logs, for each phone number the victim has used since 1992. This request is overbroad, and Magistrate Judge Pyle's ruling was not clearly erroneous or contrary to law.

### d. Renegotiation of Disclosure Agreement

Again, Defendant objects to a ruling that was in his favor. Magistrate Judge Pyle's Order set a hearing on this matter and was not clearly erroneous or contrary to law.

### e. Removal of Counsel and Agent

Defendant seeks removal of the Assistant United States Attorney and the Federal Bureau of Investigations ("FBI") case agent in this matter for alleged "fraud upon the court." Def.'s Consolidated Appeal – Reply to Court's March 9, 2011 Orders [Doc. 248] at 4. As the Magistrate Judge properly found, a jury will determine the issue regarding whether or not the e-mails exonerate Defendant. Order 3/10/2011 [Doc. 223]. Moreover, Defendant has not provided a legal basis for disqualifying either the prosecutor or the case agent. *Id.* Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### f. Judicial Notice

Defendant mentions this Order in his consolidated appeal; however, there does not

appear to be an actual objection. Furthermore, Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### g. Court Solution

Defendant's objections are regarding a motion that has been stricken from the record. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law. As such, this issue is moot.

### h. CCA

Defendant's objections are nothing more than a self-serving rant about the quality of life at CCA-Florence, his alleged abilities, and miscellaneous accusations. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### i. Prior Bad Acts

Defendant's objects to the admissibility of prior acts between 1992 and 2005. Other acts may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed. R. Evid. 404(b). Defendant's objections go to weight not admissibility. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### j. Pro Se Preliminary Hearing

The Court granted Defendant's motion to reopen his detention hearing, and Defendant still objects. Defendant's objections are without merit. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### k. Motion to Access Forensic Evidence

Again Defendant objects to an Order which granted him relief and set a hearing. The hearing having been held, this issue is moot. Moreover, Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### l. Working Toilets and Drinking Water at CCA

Defendant asserts that he has complained, but that only a public defender "or their contacts can initiate a Bivins civil rights complaint and or take any other appropriate

remedial action." Def.'s Consolidated Appeal [Doc. 248] at 11. This contention is incorrect. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *m. Change in Case Name*

Defendant was granted relief, and does not state any actual objection. Furthermore, Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *n. Forensic Evidence and Forensic Advisory Counsel*

Defendant objections reiterate the requested relief. A hearing was set for Defendant to voice these objections. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *o. Motion to Compel*

Defendant continues to object to relief that was afforded him. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### 2. Objections to Miscellaneous Motions

Defendant objects to the Magistrate Judge's May 5, 2011 Order [Doc. 288]. Defendant's objections are without merit. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

As such, Defendant's objections stated in his Consolidated Appeal – Reply to Court's March 9, 2011 Orders [Doc. 248] are denied. The Magistrate Judge's rulings were correct. The objections asserted in Defendant's Notice Regarding Court's Doc 288 Orders [Doc. 301] are also denied. The Magistrate Judge's rulings were again correct. Defendant's Objection to MJ CRP Order Denying Motion to Preclude Events Outside the Indictment [Doc. 566] is DENIED AS MOOT, because this issue was addressed in the consolidated appeal.

### *D. Timely Court Access*

Defendant objects to the Court's refusal "to require CCA to provide timely access to the courts, namely, an overstocked supply of typewriter ribbons rather than too little." Def.'s

Obj. to MJ CRP Order Denying Motion to Order CCA to Provide Timely Court Access [Doc. 577] at1. Defendant has continued to file numerous motions, notices and objections, and as such cannot demonstrate any actual injury. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("an inmate must demonstrate 'actual injury,' i.e. 'some specific instance in which an inmate was actually denied access to the courts.'"). Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *E. Sealed Documents*

Defendant objects to Magistrate Judge Pyle's order directing Defendant to disclose to the Government information that is currently under seal. Rule 16, Federal Rules of Civil Procedure provides that:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant **must** permit the government, upon request, to inspect and to copy of photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (i) the item is within the defendant's possession, custody, control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief.

Fed. R. Civ. P. 16(b)(1)(A) (emphasis added). Defendant's objection is without merit. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *F. PC Access Time*

Defendant objects to Magistrate Judge Pyle's order allowing Defendant an additional thirty-five (35) hours of computer time.[1] *See* Def.'s Obj. to MJ CRP Order Granting Only 30 Hours More PC-Access Time at Court [Doc. 587]. Defendant does not specify how much

---

[1] Defendant incorrectly states that Magistrate Judge Pyle granted thirty (30) hours of computer time. Def.'s Obj. to MJ CRP Order Granting Only 30 Hours More PC-Access Time at Court [Doc. 587].

time he needs, although has previously asked for three hundred and nine (309) court days of computer time. *See* Def.'s Mot. for 309 Court Days of Additional Computer Use Downtown at Court or Dismissal [Doc. 538]. Defendant's continued refusal to provide the Court with a reasonable estimate of the additional time necessary for computer use resulted in the Magistrate Judge granting a generous thirty-five hours of computer time. The Ninth Circuit Court of Appeals has declined "to interpret the right to self-representation under the Sixth Amendment to include a right to conduct one's own research at government expense." *U.S. v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982). "Nowhere did the *Faretta* Court suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation." *Id.*; *But see Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) (*pro se* Defendant does have right of access to "law books, witnesses, and other tools necessary to prepare a defense"). "Availability of legal assistance at government expense, if required, is a constitutionally permissible means of access. . . . When such adequate access is provided, . . . an inmate may not reject the method provided and insist on an avenue of his or her choosing." *Id.* (internal citations omitted). Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *G. Adequate Trial Preparation*

Defendant seeks reconsideration of this Court's previous grant of his Motion to Continue Trial Until Defense Says It's Ready [Doc. 393], arguing that the January 12, 2012 trial date is prejudicial. *See* Def.'s Mot. to Reconsider DJ CKJ Order Denying Adequate Trial Preparation [Doc. 591]. "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g). There is nothing in Defendant's motion to suggest that reconsideration is appropriate. Defendant has chosen self-representation, and cannot now complain about the hardships of proceeding pro se. *See Robinson v. Ignacio*, 360 F.3d 1044, 1056 (9th Cir. 2004) (Defendant

who waives his right to counsel prior to trial "must bear the consequences without complaint though he conducted his own defense to his own detriment."); *U.S. v. Wilson*, 690 F.2d 1267 (9th Cir. 1982). The Court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160, 108 S.Ct. 1692, 1698, 100 L.Ed.2d 140 (1988). This interest includes "[n]ot only the interest of a criminal defendant but [also] the institutional interest in the rendition of just verdicts[.]" *Id.* Accordingly, Defendant's Motion to Reconsider DJ CKJ Order Denying Adequate Trial Preparation [Doc. 591] is DENIED.

*H. Withdrawal of Pro-Se Rights*

Defendant objects, again, to the January 17, 2012 trial date set by the Court. *See* Def.'s Obj. to MJ CRP Order Showing Intent to Withdraw Pro Se Rights [Doc. 593]. Defendant argues that the Court's refusal to grant him unfettered PC access will result in a miscarriage of justice. *Id.* "[I]f the district judge determines that the defendant['s] request [for a continuance] is part of a pattern of dilatory activity, the court has the discretion to deny the continuance and require the defendant to proceed to trial on the scheduled date either with the counsel designated or pro se." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989). "Having refused [the assistance of counsel], however, [Defendant] may not be heard to complain later that the court failed to protect him from his own ineptitude." *Id.* Moreover, Defendant is not entitled to dictate to the Court how he shall proceed *pro se*. *See U.S. v. Wilson*, 690 F.2d at 1271 (9th Cir. 1982). Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

*I. Computer Time*

Defendant objects to Magistrate Judge Pyle's limitation on computer time. Def.'s Obj. to MJ CRP's Denial of 309 Court Days of Computer Time [Doc. 595]. As discussed

- 9 -

above, Defendant does not have a right to litigate how he wants, but rather "is subject to the same good faith limitations imposed on lawyers, as officers of the court." *Flewitt*, 874 F.2d at 675. "A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel[.]" *Id.* (internal citations omitted). Defendant's contentions are without merit. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *J. Reiteration of Previous Objections*

Defendant again objects to the amount of computer time that he has been allowed and his ability to prepare for the January 17, 2012 trial date. *See* Def.'s Consolidated Obj. to MJ CRP's Order Doc. 521 for Review by DJ CKJ [Doc. 598]. These matter have been addressed several times in this Order alone, and Defendant's arguments continue to lack merit. Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

### *K. Denial of Hearing*

Defendant continues to complain about his inability to prepare for a January 17, 2012 trial date. The Court notes that Defendant's time would be better spent preparing for trial than complaining and threatening about the various injustices he believes that he has suffered. Defendant threatens that a "trial will be very rough." Def.'s Obj. to MJ CRP's Order Doc 561 Denying Hearing – Challenging False Statements of CCA & MJ CRP Denying PC-Access [sic] etc. [Doc. 600]. Defendant is reminded that "[t]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541 n.46, 45 L.Ed.2d 562 (1975). Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

. . .

. . .

*L. Conclusion*

Accordingly, the Court finds Defendant's Objection to MJ CRP Order Denying Motion to Preclude Events Outside the Indictment [Doc. 566]; Objection to MJ CRP Order Denying Motion to Order CCA to Provide Timely Court Access [Doc. 577]; Objection to MJ CRP Order Requiring Disclosure of Ex Parte Under Seal Items [Doc. 584]; Objection to MJ CRP Order Granting Only 30 Hours More PC-Access Time at Court [Doc. 587]; Objection to MJ CRP Order Showing Intent to Withdraw Pro-Se [sic] Rights [Doc. 593]; Objection to MJ CRP's Denial of 309 Court Days of Computer Use [Doc. 595]; Consolidated Objection to MJ CRP's Order Doc 521 for Review by DJ CKJ [Doc. 598]; and Objection to MJ CRP's Order Doc 561 Denying Hearing-Challenging False Statements of CCA & MJ CRP Denying PC Access Etc. [Doc. 600] are without merit and Magistrate Judge Pyle's findings were not clearly erroneous or contrary to law.

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Cancel Pre-Trial Status Conference Ordered by D.J. Jorgenson [Doc. 574] is DENIED;

2. Defendant's Motion to DJ CKJ to Treat Consolidated Appeal as Timely Objection (Doc. 248) [Doc. 576] is GRANTED;

3. Defendant's Motion to Reconsider DJ CKJ Order Denying Adequate Trial Preparation [Doc. 591] is DENIED;

4. The Report and Recommendation [Doc. 558] is ADOPTED; and

5. Defendant's Motion to Strike Surplusage Re: Contact Intent in Ct. Two, and "or" vs. "and," and "E-mail" in Ct. One; District vs. State, etc. [Doc. 528] is DENIED.

DATED this 23rd day of November, 2011.

*[signature: Cindy K. Jorgenson]*
Cindy K. Jorgenson
United States District Judge